

**MEMO ENDORSED**

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/7/08

**DLA PIPER**

DLA Piper US LLP
1251 Avenue of the Americas, 27th Floor
New York, New York 10020-1104
www.dlapiper.com

Andrew L. Deutsch
andrew.deutsch@dlapiper.com
T 212.335.4880
F 212.884.8580

*[Handwritten endorsement: no later than March 11, 2008]*

*[Handwritten endorsement: This Court is unaware of any attempted compliance with premotion conference requirement which does, indeed, apply to Rule 12(b)(6) motions. Counsel for defendants should fax a letter to chambers explaining whether the motion is withdrawn without prejudice. SO ORDERED. /s/ USDJ 3-6-08]*

March 6, 2008
VIA FACSIMILE (212-805-7949)

The Honorable P. Kevin Castel
United States District Judge
United States Courthouse
500 Pearl Street
New York, New York 10007

Re: **The Associated Press v. All Headline News Corp., et al., 1:08-CV-323 (PKC)**

Dear Judge Castel:

We are counsel of record for The Associated Press ("AP"), plaintiff in the above-captioned action. Late in the evening of February 29, 2008, we received electronic service from defendants All Headline News Corp., AHN Media Corp., W. Jeffrey Brown and Danielle George of papers in support of a motion to dismiss under Fed. R. Civ. P. 12(b)(2) and 12(b)(6). We understand that courtesy copies of these papers have been delivered to you.

However, defendants never sought a pre-motion conference from the Court before making this Rule 12 motion. Section 2(A)(1) of the Court's Individual Practices require parties which seek to make motions in civil cases to arrange a pre-motion conference with the Court by a letter setting forth the basis of the anticipated motion, and other parties are entitled to respond by letter. Rule 12 motions are not within the motions exempted from this procedure by Section 2(A)(2). We never received a letter from defendants seeking a pre-motion conference, and so believe that none was ever requested. Had such a letter been sent, AP would have responded by a letter showing that such a motion lacks any merit.

Because defendants' motion violates the Court's Individual Practices, we request that the Court direct defendants to withdraw their motion and to follow the Individual Practices with regard to pre-motion conferences. Should the Court choose to follow another procedure, we would appreciate guidance as to whether and how AP should respond to the motion.

Respectfully yours,

*/s/ Andrew L. Deutsch*

Andrew L. Deutsch

cc: Eric A. Prager, Esq. (counsel for defendants) (via fax)