Steven E. Lipman (SL-9395)
Robert L. Jacobson (*pro hac vice*)
DARBY & DARBY P.C.
7 World Trade Center
250 Greenwich Street
New York, NY  10007
Telephone:  212.527.7700
Facsimile:  212.527.7701
Email:  slipman@darbylaw.com
            rjacobson@darbylaw.com

*Attorneys for Defendants*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x

| | | |
|---|---|---|
| THE ASSOCIATED PRESS, | : | |
| | : | |
| *Plaintiff*, | : | No. 1:08-CV-000323 (PKC) |
| | : | ECF CASE |
| v. | : | |
| | : | |
| ALL HEADLINE NEWS CORP., ET AL., | : | |
| | : | |
| *Defendants*. | : | |

-------------------------------------------------------------x

**DEFENDANTS' MOTION FOR LEAVE
TO FILE A SUBSTITUTED BRIEF**

Defendants filed a Reply Brief in Support of their Motion to Dismiss today in accordance with the Court's Scheduling Order. Defendants respectfully request the Court's leave to file a substituted Reply Brief early next week, by not later than Wednesday, July 2, 2008, for the reasons stated below.

In support of this motion, Defendants state that until today, they have been represented in this matter by attorneys Eric A. Prager (EP-0964) (until recently, a principal at Darby & Darby PC ("Darby")) and Robert L. Jacobson (*pro hac vice*) (an associate with Darby). Defendants through Messrs. Prager and Jacobson filed their Renewed Motion to Dismiss on May 12, 2008 (Docket No. 12). Plaintiff through DLA Piper US LLP (NY) filed its opposition brief on Thursday, June 12, 2008 (Docket No. 24). The Court ordered that Defendants' Reply Brief would be due by today, June 27, 2008.

On Friday, June 13, 2008, one working day after Plaintiff filed its opposition brief, Mr. Prager announced that he was resigning immediately from Darby to accept a partnership position with the firm of Kirkpatrick & Lockhart Preston Gates Ellis LLP ("K&L Gates").[1] After discussions with counsel during the early part of the week commencing June 16th, Defendants elected to remain with Mr. Prager as primary litigation counsel, then physically at K&L Gates. As a result, Darby began immediately to transfer the relevant case files to Mr. Prager to assist him in his representation of Defendants and, in particular, preparation of the reply brief due June 27th, as well as a notice of firm change for filing with the Court. Accordingly, Mr. Jacobson agreed to file a notice of withdrawal from this case once the "official transfer" of case responsibility occurred from Darby to K&L Gates.

---

[1] In light of the Friday night preparation of this motion, insufficient time is available to provide a supporting Declaration for the factual averments in the motion. However, those averments are made by the undersigned in compliance with Rule 11, F.R.Civ.P.

On information and belief, Mr. Prager then began preparation of the reply brief, with the expectation that K&L Gates would be formally substituted as counsel and would timely file the reply brief. Likewise, Darby immediately ceased all substantive work on the case, including any activity concerning the reply brief.

Based upon facts provided by Mr. Prager to the undersigned counsel, K&L Gates conducted an initial conflict search which revealed no conflict in taking on the representation. On June 23, 2008, K&L Gates voted to merge with the law firm of Kennedy Covington Lobdell & Hickman, L.L.P. ("Kennedy Covington") effective July 1, 2008. Kennedy Covington represents The Associated Press in certain matters, but Mr. Prager did not learn of this fact until the afternoon of June 27, 2008, following a final conflict check that uncovered the issue. While there is no present conflict for Mr. Prager or K&L Gates, it appears to K&L Gates that there may be a conflict as of July 1, 2008. Undersigned counsel is without actual knowledge concerning these facts, but has no reason whatsoever to doubt Mr. Prager's representations..

At approximately 5:10 PM today, June 27, 2008, through no fault or purposefulness of anyone, Mr. Prager informed Mr. Jacobson by telephone of this conflict. All concerned believe it is in the Defendants' best interests to proceed with counsel that will be able to take this case to conclusion (regardless of whether conflict waivers are technically possible).

After further discussions with Mr. Prager, Mr. Jacobson, and Mr. Steven E. Lipman (a principal with Darby and a member of the bar of this Court) some time after about 5:30 p.m. this evening, Defendants agreed to "resume" their representation through Darby in light of these circumstances. As a result of these exigent circumstances, Mr. Jacobson agreed to take responsibility for the reply brief due today, and Mr. Lipman prepared a notice of appearance

filed concurrently herewith.  On information and belief, Mr. Prager is expected to formally seek withdrawal as counsel on Monday, July 27, 2008.

Mindful of today's deadline for the reply brief, Mr. Lipman and Mr. Jacobson then immediately attempted to contact opposing counsel, Mr. Andrew Deutsch, at approximately 6:00 p.m. by phone and email to discuss this situation and to attempt to meet-and-confer concerning this expected motion.  They were informed by a person who identified himself as Mr. Deutsch's assistant that Mr. Deutsch is presently in Europe.  Mr. Lipman and Mr. Jacobson asked Mr. Deutsch by email and through the assistant to immediately contact either Mr. Lipman or Mr. Jacobson this Friday evening if he received notice of their attempt to contact him.  However, as of the time of the ECF filing of this motion, neither one of them had heard from Mr. Deutsch (which obviously was not the fault of Mr. Deutsch).  Likewise, due to the late hours of this evening, neither Mr. Lipman nor Mr. Jacobson was able to seek immediate guidance from the Court.

In light of today's midnight ECF deadline for the reply brief and out of an abundance of caution, Darby is filing the brief prepared by K&L Gates.  As stated previously, undersigned counsel have not substantively participated in the preparation of this brief.  In further appreciation of these unusual circumstances, as well as the complicated issues presented in the underlying Motion to Dismiss, Defendants respectfully request that Defendants be granted leave to file their formal Reply Brief from Darby by July 2, 2008 as a substitute, and thereafter withdraw the reply brief filed by K&L Gates.[2]

---

[2] Due to the lateness of the hour and the difficulty, if not the impossibility, of electronically filing the K&L Gates reply brief under seal (due primarily to concerns of waiver of workproduct), Defendants have filed that reply brief to avoid any possible argument of non-compliance with the Court's Order.

Defendants respectfully apologize to the Court for these circumstances, but feel compelled as a result to request the Court's forbearance.  Defendants expect to be fully prepared to appear before the Court on Friday, July 18, at 9:30 a.m., for oral argument on the underlying Motion to Dismiss.

As a courtesy to the Court, a copy of this motion will be delivered to chambers early Monday morning, June 30, 2008.


Dated:	June 27, 2008
	New York, New York

					Respectfully submitted,


			By:	s/ Steven E. Lipman
				Steven E. Lipman (SL-9395)
				Robert L. Jacobson (*pro hac vice*)
				DARBY & DARBY P.C.
				7 World Trade Center
				250 Greenwich Street
				New York, NY  10007
				Telephone: 212.527.7700
				Facsimile:  212.527.7701
				E-mail:  slipman@darbylaw.com
				          rjacobson@darbylaw.com

				*Attorneys for Defendants*

-5-

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing:

**DEFENDANTS' MOTION FOR LEAVE
TO FILE A SUBSTITUTED BRIEF**

was submitted to the Court's CM/ECF system on June 27, 2008 for service by the Court's

Electronic Transmission Facilities upon the following:

>Andrew Lawrence Deutsch
>Christine M. Jaskiewicz
>DLA Piper US LLP (NY)
>1251 Avenue of the Americas
>New York, NY 10020
>(212) 335-4500
>Fax: (212) 335-4501
>Email:   andrew.deutsch@dlapiper.com
>             christine.jaskiewicz@dlapiper.com
>
>*Counsel for Plaintiff*
>*The Associated Press*

>s/ Steven E. Lipman
>By: Steven E. Lipman